UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:25-CR-56-TAV-DCP |
| DUSTIN JOYCE, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Dustin Joyce's Motion to Continue Trial and All Pretrial Deadlines [Doc. 19], filed on July 29, 2025.

Defendant asks the Court to continue the September 2, 2025 trial date and all pretrial deadlines [Doc. 19 p. 2]. In support of his motion, he states that his counsel received initial discovery on July 10, 2025, and that he is detained in London, Kentucky [*Id.* ¶¶ 3–4]. Defendant asserts that his counsel is reviewing discovery and requires additional time to discuss the material with him as well as to discuss the need for any pretrial motions [*Id.* ¶ 5]. He avers that he has been advised of his right to a speedy trial, understands those rights, and has no objection to the requested continuance [*Id.* ¶ 6]. Finally, Defendant represents that the Government does not oppose a continuance of the trial and corresponding deadlines [*Id.* ¶ 7].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs time review discovery, discuss the material with Defendant, discuss potential pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the September 2, 2025 trial date.

The Court therefore **GRANTS** Defendant Dustin Joyce's Motion to Continue Trial and All Pretrial Deadlines [**Doc. 19**]. The trial of this case is reset to **December 2, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 29, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Dustin Joyce's Motion to Continue Trial and All Pretrial Deadlines [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 2, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 29, 2025**, and the new trial date of **December 2, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 28, 2025**, and responses to motions are due on or before **September 11, 2025**,

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 3, 2025**;

2

(6) the deadline for filing motions *in limine* is **November 17, 2025**, and responses to motions *in limine* are due on or before **November 25, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **November 18, 2025, at 2:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 21, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3

Case 3:25-cr-00056-TAV-DCP   Document 20   Filed 08/01/25   Page 3 of 3   PageID #: 44