**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | DOCKET NO. 3:25-CR-56 |
| | ) | JUDGE VARLAN |
| DUSTIN JOYCE | ) | |

**SENTENCING MEMORANDUM FOR THE UNITED STATES**

The defendant has entered into plea agreement of the kind specified in Federal Rule of Criminal Procedure 11(c)(1)(B). The United States and the defendant agree that a guideline range of one hundred eight months (108) to one hundred thirty-five (135) months imprisonment after the three levels of acceptance is the appropriate range. [Doc. 25, ¶ 4 and Doc. 31, ¶ 8]. Both parties understand that the agreed upon guideline range is not binding on the Court and that if rejected by the Court, may not be used as a basis to rescind the plea agreement, or withdraw the defendant's guilty plea. However, The United States respectfully asks this Court to accept the specific guideline range agreed to by the parties and in the Presentence Investigation Report (PSR).

If a plea agreement includes a specific sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Court may accept the agreement if the Court is satisfied that: (1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the guideline range for justifiable reasons; and (B) those reasons are set for with specificity in the statement of reasons form. U.S.S.G. §6B1.2(b). Here the agreed guideline range is applicable guideline range found in the PSR. [Doc. 31, ¶ 67].

The United States respectfully requests this Honorable Court sentence the defendant to the low end of the guideline range at one hundred and eight (108) months imprisonment

followed by a lifetime of supervised release as well as the stipulated restitution agreed upon by the parties.

**STATEMENT OF FACTS**

Four CyberTips regarding the defendant's distribution of child pornography (CP) were received by law enforcement. Law enforcement used the information in the CyberTips, and caught the defendant using the internet application Kik to upload CP images and videos. The defendant's subscriber records for Kik led law enforcement to the defendant's Internet Protocol (IP) address, which led directly to the defendant's home address. A search warrant was obtained for the defendant's Kik account. The results showed that on March 18, 2025, while in the Eastern District of Tennessee, the defendant distributed a video file named "ee2051b5-dd09-4d97-8a08-27237999054a.mp4" in a private chat to another user over the internet. The video is 19 seconds in length and depicts a prepubescent female performing oral sex on an adult male's penis while he is recording the act.

Additionally, the Kik chat records of the defendant were analyzed. On January 10, 2025, the defendant communicated in a chat with user girldad313_hc8. During the discussion, user girldad313_hc8 asked, "Ever touch daughter". Defendant replied, "Lol what do you think. Is it possible not too". The discussion continued and defendant stated, "We've done everything but penetration;)". During a later message, the defendant stated, "I pulled her passy out and struck the tip of my cock to her lips and she tucked away. My cock was leaking pre cum as I touched it to her lips" [Doc. 31, ¶ 22]. At the time, the defendant was living with his wife and two children, a one (1) year old and a four (4) year old. It is unknown if either child was sexually violated by the defendant.

The defendant's phone was forensically examined. Located on the defendant's phone

were fifty-one (51) images of CP,  of which only seventeen (17) have been identified.

## ANALYSIS

***The factors stated in 18 U.S.C. § 3553(a) favor a guideline sentence.***

As the Court and the defendant are aware, the sentence to be imposed should be "sufficient, but not greater than necessary," to meet the following needs as set forth in 18 U.S.C. § 3553(a). Specific to the instant case, three factors for consideration are:

> (A) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct; and
>
> (C) to protect the public from further crimes of the defendant.

**(A) The sentence to be imposed should be sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment.**

When fashioning an appropriate sentence, the seriousness of the offense, promotion of respect for the law and just punishment are all factors to consider. There are two facts known to be true in this case. First, distributing CP is a serious crime. Second, every time a CP image/video is distributed, the child in the image/video is revictimized. These children are forever victimized by the acts of people like the defendant. The victims will never know how many people have viewed their CP and for what purpose.

Not only are the defendant's crimes serious, but his communications are extremely troubling. The evidence proved this was not a one-time criminal anomaly. Further based on his own communications, he has sexually assaulted his own minor daughter. [Doc. 31 ¶ 22].

**(B) A sentence to include imprisonment would afford adequate deterrence to criminal conduct.**

Section 3553(a) also guides the Court to consider the need for a sentence that affords adequate deterrence to criminal conduct. From the standpoint of sentencing, deterrence takes

two forms: (1) specific deterrence, to deter similar crimes by the defendant who is being sentenced, and (2) general deterrence, to deter criminal actions by others who may contemplate committing similar offenses. A sentence at the low end of the guideline range of 108 months imprisonment is hopefully consistent with the idea of specific deterrence.

It is imperative that the defendant and other would-be child predators know crimes against children will not be tolerated, and those who do will suffer stiff consequences. Sentencing the defendant to the guideline range of 108-month imprisonment will hopefully send a message that distributing CP images/videos will not be tolerated in this society.

In cases involving potential child violence, general deterrence is critical. A guideline range sentence of 108-month sentence sends a message to would-be child predators to think again before committing any crime against a child especially a sex crime.

**(C) A sentence within the guideline range will protect the public from further crimes by the defendant.**

Most importantly, our children need to be protected from the acts of this defendant. The defendant has no concern for the victims of his crimes. Taking the defendant out of society will ensure that one less child predator is on our streets during his time of incarceration. To put it another way, a generation of children will be able to become adults with one less child predator with which to contend.

**WHEREFORE**, for the reasons stated above, the United States requests this honorable Court impose a bottom of the guideline range sentence of 108 months imprisonment, along with a term of life supervised release, agreed upon restitution, fines, special assessments, and special conditions the Court deems appropriate for the defendant.

Respectfully submitted this 16th day of September 2026,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: *s/ Jennifer Kolman*

Jennifer Kolman
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167